IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH SAMET, | § | |
| TDCJ-CID NO. 1444414, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-15-0291 |
| | § | |
| WILLIAM STEPHENS | § | |
| Respondent. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Joseph Samet, a state inmate incarcerated in the
Texas Department of Criminal Justice-Correctional Institutions
Division (TDCJ-CID) Pack-1 Unit, has filed a petition for a writ of
habeas corpus under 28 U.S.C. § 2254 challenging disciplinary
proceeding number 20150022306.  (Docket No. 1.)  After reviewing
the pleadings under Rule 4 of the Rules Governing Section 2254
Cases in the United States District Courts, the Court concludes
that this case must be dismissed.

BACKGROUND AND CLAIMS

Petitioner was convicted of aggravated sexual assault of a
child and sentenced to life imprisonment on March 14, 2007, in the
114th Judicial District Court of Smith County, Texas, in cause
number 114-2093-05.  Texas Court website.[1]  On September 23, 2014,
Petitioner was convicted of the disciplinary offense of refusing
the medical chain at the Pack-I Unit.  (Docket No. 1 at 5.)  He was

---

[1]      http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.act
ion?sid=02850892 (viewed February 6, 2015).

punished with ten days commissary and recreation restriction. Petitioner filed grievances regarding the conviction but they were denied. (Id. at 5-6.)

In the present habeas action, Petitioner contends his rights under the Due Process Clause of the Fourteenth Amendment and the Americans with Disabilities Act (ADA) were violated because prison officials refused to consider his demands for handicapped accessible transportation. (Id. at 6-7.) Petitioner seeks federal habeas relief to reverse his disciplinary conviction and also an injunction exempting him from having to ride non-handicapped accessible transportation in the future. (Id. at 7.)

ANALYSIS

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Commissary and recreation restrictions are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. Id. Moreover, a reduction in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the Due Process Clause. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, a challenge to the denial of ADA accommodations

is not cognizable in a habeas corpus proceeding.  *See* 42 U.S.C. §
12133.

To challenge a prison disciplinary conviction by way of a
federal habeas petition, a petitioner must have received a
punishment that included forfeiture of previously accrued good time
credit and be eligible for mandatory supervised release.  Id.
Petitioner acknowledges that he is not eligible for release on
mandatory supervision and that he lost no good-time credit due to
his conviction.  (Docket No. 1 at 5.)  Therefore, Petitioner has
not shown that his challenged conviction implicated any
constitutionally protected liberty interest and his petition does
not raise a cognizable federal habeas claim.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding
will not issue unless the petitioner makes "a substantial showing
of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).
This standard "includes showing that reasonable jurists could
debate whether (or, for that matter, agree that) the petition
should have been resolved in a different manner or that the issues
presented were adequate to deserve encouragement to proceed
further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal
quotations and citations omitted).  Stated differently, the
petitioner "must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Memorandum and Order on Dismissal, the Court has determined that Petitioner has not made a substantial showing of the denial of a constitutional right, therefore, a certificate of appealability from this decision will be denied.

CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Petitioner will not be charged a filing fee for this case.

2.  Petitioner's application for writ of habeas corpus (Docket No. 1) is DENIED.

3.  This action is DISMISSED with prejudice for failure to state a claim.

4.  A certificate of appealability is DENIED.

5.  All pending motions are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on *February 28*, 2015.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE